Filed 10/22/24  In re L.J. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re L.J., a Person Coming Under the Juvenile Court Law. | B336477 (Los Angeles County Super. Ct. No. 23CCJP03367A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>R.R.,<br><br>    Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Daniel Zeke Zeidler, Judge.  Dismissed.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Appellant.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Appellant L.J., Minor.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Respondent.

_____

On October 3, 2023, the Los Angeles County Department of Children and Family Services (DCFS) filed a juvenile dependency petition pursuant to Welfare and Institutions Code section 300, subdivisions (b) and (d), on behalf of L.J. (daughter, born May 2006), alleging that R.R. (father), had sexually abused daughter. At the January 11, 2024, jurisdiction hearing, the juvenile court amended count b-1 and dismissed count d-1 of the petition. One month later, at the disposition hearing, the juvenile court removed daughter from parental custody and placed her under DCFS supervision for suitable placement. Father was ordered to complete a variety of programs, including sex abuse counseling for perpetrators and individual counseling to address case issues, including sexual abuse.

On April 4, 2024, daughter filed a notice of appeal. On April 8, 2024, DCFS filed a notice of appeal. They argue that the juvenile court erred in dismissing count d-1 and amending count b-1 of the dependency petition.

While this appeal was pending, daughter turned 18 years old. "When a minor turns 18, the minor is no longer subject to juvenile court jurisdiction, subject to some exceptions not

2

applicable here. [Citations.] Generally, termination of juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot. [Citation.]" (*In re Emily L.* (2021) 73 Cal.App.5th 1, 13; see also *In re David B.* (2017) 12 Cal.App.5th 633, 650, overruled in part on other grounds in *In re D.P.* (2023) 14 Cal.5th 266, 283.) It follows that this appeal has become moot.

DCFS and daughter do not seem to dispute that the appeal has become moot. Rather, they ask that we exercise our discretion to reach the merits of their appeal. After all, "[e]ven when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.]" (*In re D.P., supra,* 14 Cal.5th at p. 282.)[1] We decline to do so.

"A court is tasked with the duty '"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."' [Citation.]" (*In re D.P., supra,* 14 Cal.5th at p. 276.) "This rule applies in the dependency context. [Citation.] A reviewing court must '"decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding."' [Citation.]" (*In re D.P., supra,* at p. 277.)

---

[1] We note that our Supreme Court discussed discretion to consider a moot appeal brought by a parent in the dependency context. (*In re D.P., supra,* 14 Cal.5th at pp. 283–287.) Nothing in *In re D.P.* suggests that its holding should be extended to the circumstances presented in this case.

While father's conduct here may have been abhorrent, it does not present "'an issue of broad public interest that is likely to recur.'" (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.) Likewise, assuming without deciding that the juvenile court erred in its interpretation of sexual abuse, given that daughter is no longer a minor, we cannot offer the parties any effective relief. (*Id.* at p. 277.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

4